UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

LAWRENCE FELTZIN,

    Plaintiff,

v.

GUN CLUB SHOPPING CENTER, LLC, a
Foreign Limited Liability Company and
GUN CLUB SUBSIDIARY, LLC, a
Foreign Limited Liability Company,

    Defendants.

_____/

# COMPLAINT

Plaintiff, LAWRENCE FELTZIN, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues GUN CLUB SHOPPING CENTER, LLC, and GUN CLUB SUBSIDIARY, LLC, (hereinafter "Defendants"), and as grounds alleges:

## JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, LAWRENCE FELTZIN, is an individual over eighteen years of age, with a residence in Palm Beach County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, GUN CLUB SHOPPING CENTER, LLC, owned a place of public accommodation with a commercial plaza at 4645 Gun Club Road, West Palm Beach, Florida, 33415 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida.

6. At all times material, Defendant, GUN CLUB SHOPPING CENTER, LLC, was and is a Foreign Limited Liability Company, organized under the laws of the State of Delaware, with its principal place of business in West Palm Beach, Florida.

7. At all times material, Defendant, GUN CLUB SUBSIDIARY, LLC, owned a place of public accommodation with a commercial plaza at 4645 Gun Club Road, West Palm Beach, Florida, 33415 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida.

8. At all times material, Defendant, GUN CLUB SUBSIDIARY, LLC, was and is a Foreign Limited Liability Company, organized under the laws of the State of Delaware, with its principal place of business in North Miami, Florida.

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Palm Beach County, Florida, Defendants regularly conduct business within Palm Beach County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Palm Beach County, Florida.

FACTUAL ALLEGATIONS

10. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive

publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business and property.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, LAWRENCE FELTZIN, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, LAWRENCE FELTZIN, is paralyzed and is substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. He requires the use of a wheelchair to ambulate and uses a manual wheelchair.

14. Defendants, GUN CLUB SHOPPING CENTER, LLC, and GUN CLUB SUBSIDIARY, LLC, own, operate and/or oversee the Commercial Property, its general parking lot/or and parking spots specific to the businesses therein, as well as the interior of the businesses located therein and is located in West Palm Beach, Florida, that is the subject of this Action.

15. Mr. Feltzin is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

16. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Feltzin is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

17. The subject Commercial Property is open to the public and is located in Palm Beach County, Florida. The individual Plaintiff visits the Commercial Property, to include visits to the

Commercial Property on or about March 1, 2023, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property in order to avail himself of the goods and services offered there because it is less than fourteen (14) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within four (4) months of the filing of this Complaint in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

18. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of each of the premises.

19. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, LAWRENCE FELTZIN, and others similarly situated.

20. Defendants, GUN CLUB SHOPPING CENTER, LLC, and GUN CLUB SUBSIDIARY, LLC, own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, GUN CLUB SHOPPING CENTER, LLC, and GUN CLUB SUBSIDIARY, LLC, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, GUN CLUB SHOPPING CENTER, LLC, and GUN CLUB SUBSIDIARY, LLC, own and/or operate is the Commercial Property and Business is located at 4645 Gun Club Road, West Palm

Beach, Florida, 33415.

21.     Plaintiff, LAWRENCE FELTZIN, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property, but to assure himself that the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

22.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I-ADA VIOLATIONS

23.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24.     Defendants, GUN CLUB SHOPPING CENTER, LLC, and GUN CLUB SUBSIDIARY, LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

   A. Parking and Exterior Accessible Route

i. Parking spaces throughout the Commercial Property contain slopes beyond limits within parking spaces and lack compliant accessible routes from accessible parking due to slopes, preventing Plaintiff from unloading safely, and violating Sections 402 and 502 of the 2010 Accessibility Standards.

ii. There are insufficient number of compliant accessible parking spaces located on the Commercial Property, preventing Plaintiff from safely loading and unloading from his vehicle and in violation of Section 502 of the 2010 Accessibility Standards.

iii. Curb ramps provided to access stores within Commercial Property are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps contain excessive slopes, abrupt changes of level and lack level landings, violating Sections 402 and 406 of the 2010 Accessibility Standards. These conditions are unsafe for Plaintiff when he attempts to use the curb ramps.

iv. The exterior accessible route from parking spaces and throughout the Commercial Property fails to provide a safe accessible route as it contains abrupt changes of level and requires Plaintiff to travel through the traffic area of the Commercial Property, violating Section 402 of the 2010 Accessibility Standards.

v. The Commercial Property fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. The lack of compliant accessible route prevents the option of public transportation for Plaintiff.

B. Access to Goods and Services

i. Payment counters and other accessible elements throughout the Commercial Property, including those within "Los Catrachos," "Mexican Tacos and Bar," and "President Supermarket No. 8," are mounted at a height that exceeds the limits set forth in the Sections

      308 and 904 of the 2010 Accessibility Standards, denying access to Plaintiff.

ii. "Los Catrachos," "Mexican Tacos and Bar," and "President Supermarket No. 8," failed to provide accessible dining tables and lowered portions at bars, preventing Plaintiff from dining comfortably and in violation of Section 902 of the 2010 Accessibility Standards.

iii. Plaintiff was impeded from entering tenants due to slopes beyond limits and abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards.

  C. <u>Restrooms</u>

i. Restrooms at multiple tenants within the Commercial Property, including "Los Catrachos," "Mexican Tacos and Bar," and "President Supermarket No. 8," were reported to be unsafe for use by the Plaintiff, with violations that included inaccessible water closets, improper controls, improper grab bars and inadequate wheelchair maneuvering space, violating Section 601 of the 2010 Accessibility Standards.

ii. Restrooms at multiple tenants within the Commercial Property, including "Los Catrachos," "Mexican Tacos and Bar," and "President Supermarket No. 8," provide dispensers beyond reach of wheelchair users and are inaccessible to the Plaintiff, violating Section 308 of the 2010 Accessibility Standards.

iii. Lavatories lack knee clearance and/or insulated pipe wrap within the restrooms at multiple tenants within the Commercial Property, including "Los Catrachos," "Mexican Tacos and Bar," and "President Supermarket No. 8," preventing the Plaintiff from freely accessing the lavatory, violating Section 606 of the 2010 Accessibility Standards.

iv. Plaintiff was unable to access flush controls in some locations while in the restrooms due to improper mounting location and improper toilet centerlines, violating Section 604 of the 2010 Accessibility Standards.

v. Using restrooms doors at multiple tenants within the Commercial Property, including "Los Catrachos," "Mexican Tacos and Bar," and "President Supermarket No. 8," is impeded by round doorknobs, improper signage and/or a lack of maneuvering clearance due to policies, violating Section 404 of the 2010 Accessibility Standards.

## RELIEF SOUGHT AND THE BASIS

25. The discriminatory violations described in the Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, LAWRENCE FELTZIN, from further ingress, use, and equal enjoyment of the Commercial Business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

26. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public

accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

27.  Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

28.  Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

29.  Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the

Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if any Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by each Defendant.

31. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located at 4645 Gun Club Road, West Palm Beach, Florida, 33415, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, LAWRENCE FELTZIN, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or

otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 18, 2023

                                              **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com;
dramos@lawgmp.com

By: ___/s/ Anthony J. Perez_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      BEVERLY VIRUES
      Florida Bar No.: 123713